**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:20-CR-57-HAB |
| | ) | |
| FRANKLIN D. WRIGHT | ) | |

**OPINION AND ORDER**

The Court received a letter from Defendant Franklin D. Wright on May 16, 2022. (ECF No. 66). The letter appears to request a sentencing modification or a request for placement on home confinement, but the grounds for those requests are unclear. The letter references health concerns that the Defendant has about remaining at the BOP but stops short of seeking compassionate release.

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate presents extraordinary and compelling circumstances and has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Based upon the Defendant's letter, the Court is unable to ascertain whether the requirements of 18 U.S.C. § 3582(c)(1)(A) have been met or whether he is seeking such relief from the Court.

Likewise, if the Defendant is asking for the Court to place him on home confinement, the Court lacks jurisdiction to do so. Once a Defendant is sentenced, the Bureau of Prisons has "plenary control" over an inmate's placement, including placement into home confinement. *See*

*Tapia v. United States,* 564 U.S. 319, 331 (2011); *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"). The CARES Act did not change this fact. *See United States v. Williams,* 829 F. App'x 138, 139 (7th Cir. 2020) ("The act carved out no role for the courts in making such a determination. Nor for that matter is any such role envisioned under § 3624(c)(2), which authorizes the Bureau "to the extent practicable, [to] place prisoners with lower risk levels and lower needs on home confinement.... " Such decisions still remain exclusively with the BOP. *Id..*; *see generally United States v. Boyd,* 2020 WL 6120141, at *5 (S.D. Ind. Oct. 16, 2020)("…[T]he CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to release federal inmates to home confinement, but it does not give this Court any authority to release [the Defendant] from incarceration"); *United States v. Richard*, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020) ("[T]he Court lacks authority to direct the BOP to place the Defendant in home confinement[.]"). Accordingly, because this Court lacks jurisdiction to place the Defendant on home confinement, the Defendant's request in ECF No. 66 is DENIED.

SO ORDERED on May 18, 2022.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT