**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CR-57-HAB |
| | ) | |
| FRANKLIN D. WRIGHT | ) | |
| | ) | |

**OPINION AND ORDER**

Following his guilty plea to being a felon in possession of a firearm, this Court sentenced Franklin D. Wright ("Wright") to 63 months imprisonment, followed by 2 years supervised release. The defendant began his term of supervision in this case on March 14, 2025, with a scheduled termination date on March 13, 2027. Wright has now requested early termination of his supervised release. (ECF No. 81). He represents in his motion that he has "fully complied with every condition ordered by this Court. I have committed no violations, remained in full compliance with my probation officer, and have demonstrated that I can live as a law-abiding citizen." *Id.* In response to his request, the Court directed probation to weigh in and submit a report. (ECF No. 82). Probation complied and filed its report noting its objection as well as the Government's objection on August 14, 2026.

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. The statute provides that a court may, after considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). After considering the § 3553(a) factors, the court may terminate said term if the following conditions are met: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's

conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

A review of the docket demonstrates that probation filed a petition to revoke Wright's supervised release on June 22, 2026. (ECF No. 78). That petition was based on violations of condition 1 and 15 that the defendant shall not commit another Federal, State, or local crime, during the period of supervision and that the defendant shall not possess a firearm. The petition alleges: "On June 21, 2026, the defendant was arrested in Allen County, IN, and charged with Ct. 1: Unlawful Carrying of a Handgun (Felony 5) and Ct. 2: Resisting Law Enforcement (Felony 6), in Case Number 02D04-2606-F5-256." Probation's report contains additional concerning behavior including information that on July 30, 2025 (about 4 months into his supervised release term), Wright was hospitalized after a stabbing at a local bar. The report reveals that a review of a video of the altercation showed Wright physically assaulting another person. Although formal charges were not pursued for this conduct it is concerning nonetheless. Equally concerning is information related to the current state charge where Wright was identified as a suspect in a homicide investigation and allegedly fled from officers at speeds exceeding 90 mph.

All this said, it does not at all appear to the Court that Wright is a "law-abiding" citizen. Given that the Defendant has pending state charges and probation has sought revocation of his supervised release, the Court finds that termination of supervised release is clearly not in the interest of justice and all of the § 3553(a) factors weigh against early termination. Defendant's request (ECF No. 81) is DENIED.

SO ORDERED on September 1, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE